*Energy & Environmental Legal Institute v. Attorney General of Vermont*, 349-6-16 Wncv (Teachout, J., Dec. 6, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                             **CIVIL DIVISION**
**Washington Unit**                                        **Docket No. 349-6-16 Wncv**

**Energy & Environment Legal Institute and
Free Market Environmental Law Clinic,**
          **Plaintiffs**


          **v.**


**The Attorney General of Vermont and
William Sorrell,**
          **Defendants**


### DECISION
### The Attorney General's Motion for Summary Judgment

Twenty-eight documents indexed by the AG remain in dispute in this public records case. Those documents were submitted into the record under seal for the court's in camera review. The parties have briefed the issues under Rule 56.[1]

The AG categorically argues that all documents are properly withheld pursuant to Vt. R. Prof. Cond. 1.6(a) ("A lawyer shall not reveal information relating to the representation of a client . . . .).  Rule 1.6(a) is incorporated into the Public Records Act by 1 V.S.A. § 317(c)(3). The court analyzed Rule 1.6(a) in the public records context in a companion case and incorporates that analysis here.  See *Energy & Environment Legal Institute v. The Attorney General of Vermont*, No. 558-9-16 Wncv, Decision 2–3 (filed July 27, 2017).  The court also notes that the proper application of Rule 1.6(a) incorporates a prejudice standard.  Restatement (Third) of the Law Governing Lawyers § 60 cmt. c(i).  "In all representations, the relevant inquiry is whether a lawyer of reasonable caution, considering only the client's objectives, would regard use or disclosure in the circumstances as creating an unreasonable risk of adverse effect either to those objectives or to other interests of the client." *Id*.  Rule 1.6(a) cannot be asserted as a categorical bar on production under the Public Records Act.

The AG further argues that most or all documents are properly withheld as attorney work product or pursuant to the attorney–client privilege, 1 V.S.A. § 317(c)(4), or because they are relevant to pending litigation, 1 V.S.A. § 317(c)(14).  In the remaining documents, the court finds it unnecessary to reach claims of attorney–client privilege.

The court has reviewed the documents in camera in detail and considered the parties' arguments.  The AG's office is the law firm for the State.  At times, it represents other departments, agencies, or individuals and a more traditional attorney–client relationship may exist.  All the withheld documents at issue now arose in a different setting, where the AG is

---

[1] The only issues within the scope of the summary judgment motion are those related to production of the remaining 28 indexed documents.  The court addresses that matter alone in this decision.

acting both as attorney and client.  This singularity of roles could induce a governmental actor responding in good faith to a public records request to exercise discretion to maximize confidentiality despite the fundamental policy and duty in the Public Records Act of transparency.  An attorney has obligations of confidentiality to the client, but exceptions to the Act, which incorporate those obligations, must be construed narrowly.  The court bore this unique circumstance and these conflicting obligations in mind as it evaluated the withheld documents.  It now rules as follows.

●Document 46—Bates 485–487(a)

No production.  Confidential multistate investigation.  Rule 1.6 and work product.

●Document 47—Bates 488–491(a)

No production.  Confidential multistate investigation.  Rule 1.6 and work product.

●Document 58—Bates 554–573

The one-line message from Kline on page 554 may be redacted but for the word "FYI." This relates to pending litigation.  The rest of Document 58 shall be produced.  It is a publicly available decision of the Vermont Supreme Court, the existence of which as an attachment to this e-mail signifies nothing that would be privileged, confidential, or prejudicial.

●Document 59—Bates 574–577

The one-line message from Pickrel on page 574 may be redacted.  The one-line message from Kline on page 574 may be redacted but for the word "FYI."  The rest of Document 59 shall be produced.

●Document 75—Bates 607–608

No production.  Discussion of potential litigation.  Rule 1.6 and work product.

●Document 76—Bates 609

The subject line may be redacted.  The rest of Document 76 shall be produced.

●Document 77—Bates 610

The subject lines of both messages may be redacted.  The message from Kline may be redacted.  The rest of Document 77 shall be produced.

●Document 90—Bates 630–631

No production.  Discussion of potential litigation.  Rule 1.6 and work product.

●Document 101—Bates 649

The subject line may be redacted.  The rest of Document 101 shall be produced.

●Document 143—Bates 834–835

This document shall be produced.  It is a draft agenda for a meeting of attorneys and others evidently on general subject areas and interests "co-organized" by Harvard Law School and the Union of Concerned Scientists.  Any claim of privilege is too remote and no apparent prejudice will result from production.  That segments of the meeting have delved into confidential matters is insufficient to show that the draft agenda also is.

●Document 144—Bates 836

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 145—Bates 837

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 146—Bates 838

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 147—Bates 839

This document shall be produced.  It concerns a general subject matter only.  Any claim of privilege is too remote and no apparent prejudice will result from production.

●Document 153—Bates 853–862

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 163—Bates 887

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 169—Bates 898–901

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 176—Bates 915–918

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 180—Bates 926

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 182—Bates 928

This document shall be produced.  It concerns a general subject matter only.  Any claim of privilege is too remote and no apparent prejudice will result from production.

●Document 183—Bates 929

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 184—Bates 930–934

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 185—Bates 935–942

The two words of text written by Washburn on page 935 may be redacted.  The hyperlink and news article on pages 935–940 shall be produced.  It concerns a general subject matter only. Any claim of privilege is too remote and no apparent prejudice will result from production. Everything after the end of the article on page 940 may be redacted.

●Document 186—Bates 941–942

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 187—Bates 943–1013

This document shall be produced in its entirety.  It includes a news article addressing a general subject matter and an attached court filing by a third party.  Any claim of privilege is too remote and no apparent prejudice will result from production.

●Document 188—Bates 1014–1015

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 189—Bates 1016–1015

No production.  Relates to potential litigation.  Rule 1.6 and work product.

●Document 190—Bates 1017

No production.  Relates to potential litigation.  Rule 1.6 and work product.

4

ORDER

For the foregoing reasons, the State's Motion for Summary Judgment, filed on March 10, 2017, is granted in part and denied in part. Production is ordered of the items as set forth above and with redactions as noted no later than December 20, 2017.

It appears to the court that all issues in this case have now been resolved. Unless a motion is filed representing otherwise before December 29, 2017, final judgment will issue thereafter.

Dated at Montpelier, Vermont this _____ day of December 2017.


_____
Mary Miles Teachout
Superior Judge